**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:26-cv-00705-MCS-KES                         Date: April 7, 2026

Title:  OVALLE v. ORANGE COUNTY SHERIFF'S DEPARTMENT, et al.

PRESENT:
            THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

Jazmin Dorado                                             Not Present
Courtroom Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFF:                                               DEFENDANT:
None Present                                             None Present

PROCEEDINGS (IN CHAMBERS):          **Order to Show Cause Why This Case**
                                                    **Should Not Be Dismissed as Time Barred**

On March 24, 2026, Santos Ovalle ("Plaintiff"), who is currently detained at the Coalinga State Hospital in Coalinga, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the Orange County Sheriff's Department ("OCSD"), Deputy Martinez, Deputy Romeo, Captain Peak, Lt. D. Guy, Dr. Shults, Dr. Vunna, Dr. Hulstien, Sergeant Anderson, and Orange County Global Medical Center ("OCGMC"). (Dkt. 1 at 4.)  Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights arising from a pellet shooting incident that took place sometime around late November to early December 2020. (Id. at 6.)  Specifically, Plaintiff alleges that unidentified deputies were shooting him in his cell from the vent while he was yelling for help and other deputies, like Deputy Martinez, failed to protect him. (Id.)  Plaintiff further alleges that, as a result of these actions, he was taken to OCGMC where medical staff threatened him and amputated three of his fingers due to gangrene infection. (Id. at 6, 8-9, 12.)

Plaintiff has brought two previous cases before this Court, each dealing with the same underlying facts: 8:22-cv-02198-MCS-KES filed on December 6, 2022, and 8:23-cv-02489-MCS-KES filed on December 29, 2023.  Plaintiff voluntarily dismissed the 2022 case, 22-02198 at Dkt. 13, and the Court dismissed the 2023 case with prejudice as time barred, 23-02489 at Dkt. 25.  See Cal. Civ. Proc. Code § 335.1 (providing a two-year statute of limitations); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (statutory tolling under § 352.1 is not available to a person detained pursuant to the Sexually Violent Predator Act).

The Court therefore ORDERS Plaintiff to show cause, in writing, **by May 7, 2026**, why this case should not be dismissed with prejudice as time barred.

Initials of Deputy Clerk jd